UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. RILEY, | ) |
| | ) CASE NO. C09-1013-RSL |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ROBERT J. PALMQUIST, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Plaintiff named Robert J. Palmquist, Warden of the Federal Detention Center (FDC) SeaTac, and Doctor Davis, Clinical Health Director, FDC SeaTac, as defendants and the Court directed service on those defendants.  (Dkt. 9.)  Because the defendants did not return waivers of service of summons, the Court ordered defendants to show cause why the Court should not direct that they be served personally and why the cost of personal service should not by assessed pursuant to Rule 4(d)(2).  (Dkt. 12.)  In response, on March 10, 2010, the United States Attorney's Office submitted a

REPORT AND RECOMMENDATION
PAGE -1

letter indicating that neither Palmquist, nor Davis were employed at FDC SeaTac at the time the Court ordered service and that, given the volume of mail processed at that facility, it was unable to forward or return undeliverable mail. (Dkt. 13.) As such, it was apparent that neither named defendant had received the order directing service, which included the complaint and waivers of service of summons.

Plaintiff has an obligation to provide the addresses of defendants and, without that information, service cannot be effectuated. Pursuant to Federal Rule of Civil Procedure 4(m), there is a 120-day time limit for service. On May 11, 2010, the Court issued an Order to Show Cause to plaintiff indicating that it would begin the 120-day time limit accounted for in Rule 4(m) from the date of the order. (Dkt. 14.) The Court ordered that, before the expiration of that time period, plaintiff must provide current addresses for the named defendants or otherwise effectuate service on those defendants. The Court further stated that the failure to comply with the time limit may result in dismissal of this action. *See* Fed. R. Civ. P. 4(m).

To date, plaintiff has neither provided current addresses for the named defendants, nor indicated that he has effectuated service on those defendants. Accordingly, the Court recommends dismissal of this action without prejudice pursuant to Rule 4(m). A proposed Order accompanies this Report and Recommendation. .

DATED this 20th day of August, 2010.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2